NOT DESIGNATED FOR PUBLICATION

No. 119,385

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID W. BAKER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed January 4, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.


PER CURIAM: David W. Baker appeals the district court's decision revoking his probation and ordering him to serve his original prison sentence. We granted Baker's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has responded, and it requests that the district court's judgment be affirmed.

On August 25, 2014, Baker pled guilty to a first offense violation of the Kansas Offender Registration Act. At sentencing, the district court imposed a 36-month prison sentence but granted Baker probation for a term of 24 months.

1

On November 24, 2015, Baker stipulated to violations of his probation. As disposition, the district court imposed a two-day "quick dip" jail sanction and extended probation by six months.

On June 6, 2016, Baker stipulated to testing positive for cocaine. As disposition for that violation, Baker agreed to serve another quick dip jail sanction.

On December 27, 2016, Baker elected not to contest new probation violation allegations. After finding Baker violated the terms of his probation, the district court imposed a 180-day prison sanction and extended probation by 12 months.

On January 5, 2018, Baker stipulated to violating his probation by testing positive for methamphetamine and cocaine. At the February 2, 2018 dispositional hearing, defense counsel asked the district court to sanction Baker by ordering a 60-day jail sanction and in-patient drug treatment. Baker also personally asked the court to order in-patient drug treatment. The court denied these requests and ultimately revoked Baker's probation and ordered Baker to serve the original sentence imposed.

On appeal from revocation, Baker argues the district court abused its discretion by revoking probation and imposing the original sentence. Specifically, Baker claims the court's decision was unreasonable because it failed to adequately address Baker's drug addiction, which was the underlying cause of his inability to comply with terms and conditions of probation. But Baker acknowledges that the district court had discretion to bypass the 180-day intermediate sanction and revoke his probation based on the fact that Baker already had served 2 days in jail and 120 days in prison as intermediate sanctions for prior probation violations. See K.S.A. 2017 Supp. 22-3716(c)(1)(E) (court can impose prison sentence "if the violator already had a sanction imposed pursuant to subsection (c)(1)(C) [the 120-day prison sanction]").

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In this case, the district court gave Baker many chances to succeed on probation. And, as Baker readily acknowledges, the district court was not legally required to impose a further intermediate sanction after previously imposing 120 days in prison as an intermediate sanction for a prior probation violation. See K.S.A. 2017 Supp. 22-3716(c)(1)(E). There simply is no evidence to show that the district court's decision to revoke Baker's probation was arbitrary, fanciful, or unreasonable, or based on an error of fact or law; thus, we find the district court did not abuse its discretion by revoking Baker's probation and ordering him to serve his underlying prison sentence.

Affirmed.